IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| CMFG LIFE INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.: GJH-13-3032 |
| WILLIAM A. SCHELL, JR., *et al.* | |
| Defendants. | |

## MEMORANDUM OPINION

On October 11, 2013, Plaintiff CMFG Life Insurance Company ("CMFG Life") filed a Complaint in Interpleader naming Defendant William A. Schell, Jr., and Defendants Michelle M. Lee ("M. Lee"), Kim R. Lee ("K. Lee"), and Marc A. Brookins (collectively "Lee's Children") as potential beneficiaries. ECF No. 1. The Complaint was filed pursuant to 28 U.S.C. § 1335, requesting the Court order Defendants to answer and present their claims to an Annuity Contract worth $116,787.24. *Id.* Lee's Children have filed counterclaims against CMFG Life for breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. ECF No. 11. Lee's Children also filed a crossclaim against Schell for breach of fiduciary duty, ECF No. 11, and Schell filed a crossclaim against Lee's Children for tortious interference of contract. ECF No. 25.

This Memorandum Opinion and accompanying Order address CMFG Life's Motion to Dismiss Counterclaim and Discharge Interpleader. ECF No. 38. Defendants have not opposed the motion and the time for doing so has passed. The Court also addresses Lee's Children's Motion to Dismiss Schell's crossclaim and for Summary Judgment on their crossclaim. ECF No. 29. This motion has been fully briefed. *See* ECF Nos. 29, 34, & 35. The Court finds that a

1

hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, CMFG Life's motion is GRANTED, and Lee's Children's motion is GRANTED, in part, and DENIED, in part.

## I. BACKGROUND

Decedent Sandra B. Lee entered into an annuity contract with CMFG Life on April 15, 2003. ECF No. 1-1 (Annuity Contract). At that time, Lee designated four beneficiaries: her husband William A. Schell, Jr., and Lee's Children. *Id.* Section 4.2 of the Annuity Contract states "[y]ou may change the owner or beneficiary of this contract by written request any time while the annuitant is alive." ECF No. 1-1 at 4.2 (Annuity Contract). The request must be signed by the owner of the contract (the annuitant). *Id.* The annuitant is the "person . . . whose life . . . determines the income payment benefits payable under the contract and whose death determines the death benefit." *Id.*

On December 14, 2012, Lee died. On the same day, CMFG Life received a "Change of Beneficiary" form that named Schell as the sole beneficiary. ECF No. 1 at ¶ 8–9. Lee's signature is absent from the change of beneficiary form; Schell's is the only signature on the form. *Id.* at ¶ 9. According to Schell, he signed the change of beneficiary form pursuant to a Durable Power of Attorney for Financial Management ("DPA") agreement—making Schell Lee's attorney-in-fact—which Lee signed on December 6, 2012. ECF No. 1 at ¶ 11; *see also* ECF No. 1-4 (Durable Power of Attorney for Financial Management). Under the agreement, an attorney-in-fact has the broad powers to handle the signatory's property during their lifetime. ECF No. 1-4 at 1. Section 8e of the DPA permits the attorney-in-fact to modify insurance policies, *id.* at 4, however, Section 11 of the DPA provides that the "Attorney-in-Fact is not allowed to personally gain from any transaction he or she may complete on [Lee's] behalf." *Id.* at 7.

According to Schell, he faxed the change of beneficiary form on December 14, prior to Lee's passing, and then returned to the nursing home to be with his wife before she died. ECF No. 25 at ¶ 11. The fax of the change in beneficiary form is date stamped at 14:01, which is commonly understood as military time indicating 2:01 p.m. ECF No. 1-3 (Change of Beneficiary form). Lee died at 1:10 p.m. ECF No. 29-2 (Death Certificate).

After receiving the form, CMFG Life advised: "Our records show a beneficiary change was received by fax on December 14, 2012. However, since this form was not received and recorded prior to Lee's death we regret we are not able to approve the change." ECF No. 20 at ¶ 27. CMFG Life then received claim forms from Lee's Children. ECF No. 1 at ¶ 10. Schell advised CMFG Life that he was entitled to the entire benefit due to the change in beneficiary form and instructed CMFG Life not to pay Lee's children. *Id.* Unable to determine who was entitled to the benefit, CMFG Life filed this interpleader action on October 11, 2013. ECF No. 1 at ¶ 12.

Lee's Children filed an Answer, counterclaim against CMFG Life, and a crossclaim against Schell on November 19, 2013. ECF No. 11. Lee's children allege breach of contract against CMFG Life for failure to timely remit payment. *Id.* at ¶ 35–37. Lee's children also allege that CMFG Life breached both its fiduciary duty and its contractual duty to engage in good faith and fair dealing by failing to reject Schell's change in beneficiary form and not remitting payment to Lee's children. *Id.* at ¶ 43, ¶¶ 44–48. In their crossclaim against Schell, Lee's Children allege breach of fiduciary duty owed to Lee, claiming that Schell exceeded the grant of authority provided by the DPA when he made himself the sole beneficiary of the Annuity Contract. *Id.* at ¶¶ 55–63.

Schell filed his Answer and a crossclaim against Lee's children on April 24, 2014, stating that Lee's Children are seeking to deprive Schell of the annuity funds in interference with the contractual relationship between Schell and Lee, pursuant to the DPA. ECF Nos. 24 & 25. Lee's Children filed a Motion to Dismiss Schell's crossclaim and for summary judgment on their crossclaim on May 20, 2014. ECF No. 29. On August 21, 2014, CMFG Life filed a Motion to Dismiss Lee's Children's Counterclaim and Discharge Interpleader. ECF No. 38. None of the Defendants have responded to CMFG Life's motion.

## II. CMFG LIFE'S MOTION TO DISMISS COUNTERCLAIM AND DISCHARGE INTERPLEADER

28 U.S.C. § 1335 authorizes interpleader actions in federal court. Federal Rule of Civil Procedure 22 allows a party to file a claim for interpleader when confronted with "claims that may expose [that party] to double or multiple liability." That party, often called the "stakeholder," will generally admit liability, deposit the fund with the court, and be permitted to withdraw from the proceedings. *J.G. Wentworth Origination, LLC v. Mobley*, 2012 WL 4922862 at *5 (D. Md. Oct. 12, 2012) (*citing Prudential Life Ins. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2007)). The purpose of an interpleader action is to protect the stakeholder against excessive litigation when there are multiple claims to a single stake. *State Farm Fir & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967). Without interpleader actions, a stakeholder would be "left with the unappealing prospect of either choosing one claimant over the other and facing action by the disappointed suitor or holding the stake and awaiting suit by both." *Commerce Funding Corp. v. Southern Financial Bank*, 80 F.Supp. 2d 582, 584–85 (E.D. Va. 1999).

Although an interpleader action does not shield the stakeholder from counterclaims independent from a claim to the stake, permitting counterclaims against a stakeholder based primarily on an alleged entitlement to the interpleaded funds would defeat the purpose of an

interpleader action. The interpleader action protects the stakeholder from any further claims to the stake *and* from any claims directly relating to its failure to resolve the controversy over who is entitled to the stake. *See Prudential Ins. Co. of America*, 553 F.3d at 265. This is true so long as the stakeholder is faced with legitimate competing claims. *See Commerce Funding Corp.*, 80 F.Supp. 2d at 585–87.

For example, in interpleader action *Prudential Ins. Co. of America*, 553 F.3d at 261, one potential beneficiary of insurance proceeds filed a counterclaim against the insurer stakeholder. The potential beneficiary alleged breach of contract, negligence, breach of fiduciary duty, bad faith and unfair trade practices—all related to the stakeholder's failure to process a change in beneficiary form and failure to pay the policy proceeds to the potential beneficiary. *Id.* The Third Circuit found that the stakeholder was protected from these counterclaims because they concerned the insurer's failure to "resolve the investigation in [the potential beneficiary's] favor and pay out the life insurance proceeds to him." *Id.* at 264. *See also ReliaStar Life Ins. Co. v. Lormand*, 2011 WL 900113 at *5 (E.D. Va.) (dismissing counterclaim for breach of contract because stakeholder was protected from counterclaim based on the interpleaded funds); *Commerce Funding Corp.*, 80 F.Supp. 2d at 586 (dismissing counterclaim for breach of contract against stakeholder because party's argument that stakeholder should have turned over the funds to the party was "precisely the issue to be decided in the claim for interpleader"); *J.G. Wentworth Origination, LLC*, 2012 WL 4922862 at *7 (finding counterclaim for promissory estoppel/detrimental reliance was a claim to the stake in disguise because it was premised on the resolution of the interpleader in favor of another claimant).

Here, the Court has already granted CMFG Life's motion to deposit the interpleader funds, awarded CMFG Life costs and attorney's fees, discharged CMFG Life from liability with

respect to the interpleader property, and enjoined Defendants from bringing a claim against CMFG Life related to the interpleader funds. ECF No. 19. Lee's Children's counterclaims are intimately related to CMFG Life's failure to resolve the controversy of who is entitled to the annuity in favor of Lee's Children. Specifically, Lee's Children argue (1) that CMFG Life breached the annuity contract because it failed to remit payment of the annuity to Lee's Children, ECF No. 11 at ¶ 37, (2) that CMFG Life has breached the duty of good faith and fair dealing because CMFG Life unfairly prevented Lee's Children from timely receiving the benefits of the annuity contract, *Id.* at ¶ 43, and (3) that CMFG Life breached its fiduciary duty to Lee because it failed to pay the life insurance benefits to Lee's Children. *Id.* at ¶ 46–48. Accordingly, as in *Prudential Ins. Co. of America*, 553 F.3d at 261, where the stakeholder was protected from a counterclaim that alleged the stakeholder was liable for failure to process a change in beneficiary form and remit payment, here, CMFG Life is protected from the counterclaims that allege it is liable for failure to reject a change in beneficiary form and remit payment to Lee's Children. The issue raised by the counterclaims is the precise issue raised in this interpleader action: whether the change in beneficiary form is valid or invalid. As there are legitimately competing claims over the validity of the change in beneficiary from, CMFG Life cannot be liable for a counterclaim based on their failing to resolve the competing claims in Lee's Children's favor.

Further, Lee's Children have abandoned their claims by failing to file a response to CMFG Life's motion. *See* Ferdinand–Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank*, FSB, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary

judgment in opposition brief constituted abandonment of claim). For these reasons, CMFG Life's Motion to Dismiss Counterclaim and to Discharge Interpleader, ECF No. 38, is GRANTED.

### III. DEFENDANTS LEE'S CHILDREN'S MOTION TO DISMISS DEFENDANT SCHELL'S CROSSCLAIM AND FOR SUMMARY JUDGMENT ON THEIR CROSS CLAIM AGAINST SCHELL

Interpleader involves a two-step process. *Rapid Settlements, Ltd. v. Fidelity and Guar. Co.*, 672 F.Supp. 2d 714, 717 (D.Md. 2009). During the first step, "courts determine whether the action is appropriate and whether the stakeholder is entitled to bring the action." *In re Paysage De Seine, 1879 Unsigned Oil Painting on Linen by Pierre-Auguste Renoir*, 991 F.Supp. 2d 740, 743 (E.D.Va. 2014). The second step is the Court's determination of competing claimants' rights to the fund. *Id. See also Availability of Interpleader to Insurance Company for Resolving Dispute as to Insurance Policy Under Federal Interpleader Acts and Rule 22 of Federal Rules of Procedure*, 19 A.L.R. Fed. 166, §1[a] n.1 ("An interpleader action is generally viewed as having two stages. In the first stage the court decides whether the party seeking interpleader (the stakeholder) is entitled to the remedy of interpleader. . . . In the second stage the court litigates the disputed claims of the claimants and enters a decree awarding the stake to that claimant to whom the court determines it belongs."). The first step has been completed in this case. ECF No. 19. At the second stage, conflicting claims to the stake may be "adjudicated on the pleadings, on summary judgment, or after a trial on the merits." Wright & Miller, 7 Fed. Prac. & Proc. § 1715 (3d Ed.). Indeed, if there is no issue of material fact, the parties may file cross-motions for summary judgment on their claims to the stake. *Id.* at § 1714. If there are independent crossclaims, they may be adjudicated at the same time as the claims to the stake. *Id.*

Lee's Children have not filed a dispositive motion asking the Court to adjudicate their claims for the stake under the interpleader action. Instead, they have moved to dismiss Defendant Schell's crossclaim (tortious interference with contract) and moved for summary judgment on

7

their cross-claim (breach of fiduciary duty). ECF No. 29. While the crossclaims are not claims for the stake, Lee's Children's motion tiptoes around their entitlement to the stake under the interpleader action by arguing that because Schell breached his fiduciary duty to their mother, Lee's Children are entitled to the stake. ECF No. 29. Similarly, while Schell has not filed a dispositive motion, Schell's crossclaim contends that he is entitled to the stake and Lee's Children have interfered with his rights as power of attorney. ECF No. 25. Since neither party has moved for resolution of the entire matter pursuant to the interpleader action, the Court will simply address the crossclaims at this juncture.[1]

### A. Lee's Children's Motion to Dismiss Schell's Crossclaim

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

---

[1] A scheduling conference will be scheduled with the parties within 30 days of this Order. Prior to that time, the Court expects the parties to confer and discuss what, if any, discovery is necessary in this case and a schedule for dispositive motions (such as cross-motions for summary judgment), if appropriate.

Schell's crossclaim does not state a cause of action against Lee's Children. The crux of Schell's cross complaint is his argument that he is entitled to the entire benefit from Lee's annuity contract. *See* ECF No. 25. His claim to the stake, which Lee's Children are not in possession of, does not recite facts that, if true, make Lee's Children liable to Schell. In the final paragraphs of his cross complaint, Schell alleges that Lee's Children have interfered with his Durable Power of Attorney contract with Lee because their crossclaim has prevented him from receiving the proceeds of the annuity contract. ECF No. 25 at ¶ 14. To state a claim for tortious interference with a contract, a plaintiff must allege facts showing (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff. *Fowler v. Printers II, Inc.*, 89 Md. App. 448, 466, 598 A.2d 794, 802 (Md. Ct. Spec. App. 1991) (*citing Gore v. Condon*, 87 Md. 368, 376, 39 A. 1042 (1898)).[2] Here, the contract at issue is the Durable Power of Attorney contract between Schell

---

[2] The parties do not address which law applies to their crossclaims. As this Court has diversity jurisdiction over this action, Maryland choice of law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97(1941); *see also CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). "In insurance contract cases, Maryland courts generally follow the rule *of lex locus contractu*, which requires that the construction and validity of a contract be determined by the law of the state where the contract is made." *Roy v. Nw. Nat'l Life Ins. Co.*, 974 F.Supp. 508, 512 (D. Md. 1997). "For choice-of-law purposes, a contract is made where the last act necessary to make the contract binding occurs." Roy, 974 F.Supp. at 512 (citing Sting Sec., Inc. v. First Mercury Syndicate, Inc., 791 F.Supp. 555, 558 (D. Md. 1992)). Generally, "[t]he *locus contractu* of an insurance policy is the state in which the policy is delivered and the premiums are paid." *Aetna Cas. & Sur. Co. v. Souras*, 552 A.2d 908, 911 (1989). In the instant action, the Annuity Contract was signed by CUNA Mutual Life Insurance Company in Iowa, but delivered to Lee, the policy owner, who signed it in Maryland. *See* ECF No. 1-1. As Lee lived in Maryland, the premiums are presumed to be paid in Maryland. *Id.* Further, the Durable Power of Attorney agreement was signed in Maryland and contains a Maryland choice of law provision. ECF No. 38-7. Accordingly, Maryland law applies to Defendants' claims relating to the Annuity Contract and the Durable Power of Attorney agreement.

and Lee. ECF No. 25 at ¶ 14. Schell has not alleged that Lee's Children induced Lee to breach the contract nor does he even allege a breach occurred. Thus, if Schell's intent was to assert a claim for tortious interference with a contract, he has failed to sufficiently state that claim. Lee's Children's motion to dismiss Schell's crossclaim is GRANTED.

### B. Lee's Children's Motion for Summary Judgment on their Crossclaim

Lee's Children's crossclaim against Schell is a claim for breach of fiduciary duty. ECF No. 11. They assert that when he named himself the sole beneficiary of the annuity contract, Schell breached his fiduciary duty to Lee under the DPA because he exceeded the authority granted to him as power of attorney. *Id.* at ¶ 63. Although Lee's Children are requesting affirmative summary judgment on this claim, under Maryland law, "[i]n a claim for monetary damages at law . . . an alleged breach of fiduciary duty may give rise to a cause of action, but it does not, standing alone, constitute a cause of action." *George Wasserman & Janice Wasserman Goldsten Family LLC v. Kay*, 197 Md. App. 586, 631, 14 A.3d 1193, 1219 (Md. Ct. Spec. App. 2011). Even if breach of fiduciary duty was a stand-alone claim under Maryland law, Lee's Children lack standing to bring a claim against Schell for breach of fiduciary duty relating to a contract between Schell and Lee (where the children were not third party beneficiaries). *See Modern Ice Equipment and Supply Co. v. Snow Park USA, LLC*, 2011 WL 3515862 at *3 (W.D.N.C. Aug. 11, 2011) ("A party that is not in privity to a contract lacks standing to bring an action for breach of the contract.") (*citing Brewer v. Nat'l Indem. Co.*, 363 F.3d 333, 337 (4th Cir.2004)). Thus, Lee's Children cannot show that they are entitled to judgment as a matter of law and their Motion for Summary Judgment on their counterclaim is DENIED.

## IV. CONCLUSION

For the reasons stated above, CMFG Life's Motion to Dismiss Counterclaim and Discharge Interpleader, ECF No. 38, is GRANTED, and Lee's Children's Motion to Dismiss and for Summary Judgment, ECF No. 29, is GRANTED, in part, and DENIED, in part.

A separate Order shall issue.

Dated: December 22, 2014

GEORGE J. HAZEL
United States District Judge